[No. 47821-0. En Banc. April 22, 1982.]

SEARS, ROEBUCK AND COMPANY, *Appellant,* v. THE
DEPARTMENT OF REVENUE, *Respondent.*

*Bogle & Gates, John T. Piper, D. Michael Young,* and
*James H. Lowe,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey
D. Goltz, Assistant,* for respondent.

DOLLIVER, J.—Between April 1968 and March 1977,
plaintiff Sears, Roebuck and Company distributed catalogs
in Washington for the purpose of promoting sales of its
products. The catalogs described Sears' merchandise and
listed the prices. Many of the catalogs were shipped from

the printer in Chicago to customers in Washington by way of common carriers. The remainder of the catalogs were shipped from the printer to Sears retail stores in Washington and distributed to customers from the store.

The Department of Revenue assessed use taxes under RCW 82.12 for Sears use of the catalogs between 1968 and 1977. Sears paid the taxes and then filed the present action for a refund. The trial court held the catalogs shipped directly from the Chicago printer to Sears customers had not been "used" by Sears within the meaning of RCW 82.12. Sears' motion for summary judgment awarding it a refund for taxes paid on these catalogs was granted. No appeal was taken by the State. The court also held those catalogs shipped directly to Sears stores and then distributed to the customer over the counter or otherwise were subject to the use tax. Sears appealed from that portion of the judgment holding these catalogs subject to the use tax.

■ In *Grosjean v. American Press Co.,* 297 U.S. 233, 250, 80 L. Ed. 660, 56 S. Ct. 444 (1936), although the Court struck down a Louisiana license tax on certain newspapers, it limited its holding by stating:

> It is not intended by anything we have said to suggest that the owners of newspapers are immune from any of the ordinary forms of taxation for support of the government. But this is not an ordinary form of tax, but one single in kind, with a long history of hostile misuse against the freedom of the press.

A general tax which only tangentially impacts constitutionally protected speech is valid. *See Minneapolis Star & Tribune Co. v. Commissioner,* 314 N.W.2d 201 (Minn. 1981); *Steinbeck v. Gerosa,* 4 N.Y.2d 302, 313, 151 N.E.2d 170, 175 N.Y.S.2d 1, *appeal dismissed,* 358 U.S. 39 (1958).

Sears claims, however, citing *Follett v. Town of McCormick,* 321 U.S. 573, 88 L. Ed. 938, 64 S. Ct. 717, 152 A.L.R. 317 (1944) and *Murdock v. Pennsylvania,* 319 U.S. 105, 87 L. Ed. 1292, 63 S. Ct. 870 and 891 (1943), that the use tax is a tax on the exercise of free speech itself and is thus unconstitutional. These cases are not in point. *See Stein-*

*beck v. Gerosa, supra* at 313. We concur with the analysis made by the Minnesota Supreme Court in *Minneapolis Star & Tribune Co. v. Commissioner, supra* at 208, that the ordinances in *Follett* and *Murdock* required distributors or nonprofit sellers of religious material to pay a fee for a license to sell or distribute their material. Neither case considered the question raised here of the application of an ordinary use tax to revenue producing commercial activity throughout the state.

Sears next argues that its catalogs have been specifically taxed because, although the use tax is a tax of general application, a 1955 amendment to the use tax statute (RCW 82.12.010(5)) singles out commercial catalog distribution and is thus subject to the constitutional infirmity first pointed out in *Grosjean.*

RCW 82.12.020 imposes a tax "for the privilege of using within this state as a consumer any article of tangible personal property . . ." Although the meaning of consumer has been subsequently broadened (RCW 82.04; RCW 82.08), prior to 1955 the Legislature defined "consumer" as "[a]ny person who purchases, acquires, owns, holds or uses any article of tangible personal property other than for the purpose of resale as tangible personal property in the regular course of business . . ." Laws of 1949, ch. 228, § 2(r)(1), p. 816, 822.

In 1955, the Legislature added the following language:

> "Consumer," in addition to the meaning ascribed to it in [RCW] chapters 82.04 and 82.08 insofar as applicable, shall also mean any person who distributes or displays, or causes to be distributed or displayed, any article of tangible personal property, except newspapers, the primary purpose of which is to promote the sale of products or services.

Laws of 1955, ch. 389, § 24(5), p. 1652. It is this language which Sears claims violates the First Amendment.

While the record indicates controversy as to the applicability of the pre–1955 language to catalogs shipped to the state and distributed by the taxpayer, it is the claim of the

Department of Revenue that even without the 1955 amendment to the definition of "consumer", Sears is covered under the broad language of the pre–1955 definition as a "person" who "holds or uses . . . tangible personal property".

Furthermore, the partial stipulation of facts contains a copy of a letter from the Washington State Tax Commission (predecessor to the Department of Revenue) notifying Montgomery Ward and Company regarding the pre–1955 use tax. In that ruling, the Commission stated:

> We conclude that the Compensating [use] Tax is applicable to the use within the State of Washington of those catalogs which are sent by rail to designated agents of Montgomery Ward in the State of Washington and which are then mailed to customers in Washington for use in this state.

We concur with the Department that the pre–1955 statute without the 1955 amendment language was sufficient to cover the transactions in this case.

■■ Even if we were to accept the argument of Sears that only after the 1955 amendment did the use tax apply to catalogs, we still would hold the tax to be valid. It is not contested that the 1955 amendment is part of the general use tax statute. *See generally* Note, *Federal Limitations on State Taxation of Interstate Business,* 75 Harv. L. Rev. 953, 994 (1962). The 1955 amendment is part of a general statewide tax; it is not "single in kind." Neither the use tax nor the amendment is alleged by plaintiff to have a "long history of hostile misuse against the freedom of the press." *Grosjean v. American Press Co., supra.*

We believe the record and the history regarding the application of the use tax to the Sears catalogs demonstrates this is a general tax for the support of government which under the test of *Grosjean v. American Press Co., supra,* is not violative of the First Amendment. Since this is the nature of the tax, there is no constitutional issue involved. Therefore, it is unnecessary to consider whether the "commercial speech" which Sears claims it is exercising

is afforded First Amendment protection or whether the statute is constitutionally overbroad since it might apply to noncommercial as well as commercial speech.

Affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.